UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-89(02)(RHK/AJB)
Civil No. 03-5489(RHK)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Respondent,<br>v.<br>RAFAEL BIRRUETTA-ARRELLANO,<br>Petitioner. | ) | **AFFIDAVIT OF MITCHELL A. ROBINSON** |

Your Affiant, Mitchell A. Robinson, having been first duly sworn and under oath, hereby states the following is true and correct to the best of his knowledge:

1. I am an attorney licensed to practice law in the State of Minnesota. I am admitted to practice before the United States District Court for the District of Minnesota. I was retained as an attorney to represent Rafael Birruetta-Arrellano in the above referenced criminal proceeding before United States District Court Judge Richard H. Kyle.

2. On August 16, 2002, Mr. Birruetta-Arrellano and I appeared before Judge Kyle. At that time, Mr. Birruetta-Arrellano pled guilty to a one count Information that charged him with interstate travel to facilitate the commission of a felony drug offense in violation of 18 U.S.C. § 1952(a)(3). Pursuant to the terms of the Plea Agreement, the parties agreed that the Base Offense Level for approximately thirty (30) pounds of methamphetamine was 36; that the defendant was entitled to a four level "minor role" reduction under Guideline Section 3B1.2(a); that the defendant was entitled to a

FILED DEC 09 2005
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

three level reduction for "acceptance of responsibility" under Guideline Sections 3E1.1(a) and (b); that the defendant was entitled to a two level "safety-valve" reduction under Guideline Sections 2D1.1(b)(6) and 5C1.2; and that the defendant's Criminal History Category was a category I. See Plea Agreement and Sentencing Stipulations, ¶¶ 5-10. Accordingly, although the resulting the applicable guideline range of imprisonment was 70 to 87 months, the parties further agreed that the applicable sentence in this case was sixty (60) months because the statutory maximum sentence for a violation of 18 U.S.C. § 1952(a)(3) is five (5) years. See Plea Agreement and Sentencing Stipulations, ¶ 11.

3. A PreSentence Report (PSR) was subsequently prepared by the U.S. Probation Office. The PSR recommended an applicable guideline range of 57 to 71 months imprisonment. See PSR, ¶ 72. The PSR found that there was a lower Base Offense Level of thirty (30) based upon a new amendment to the Sentencing Guidelines, namely Guideline Section 2D1.1(a)(3), that reduced the defendant's offense level to 30. Id. The PSR also found the defendant ineligible for a "safety-valve" reduction because he was in a Criminal History Category III. See PSR, ¶¶ 30, 44.

4. On December 19, 2002, Mr. Birruetta-Arrellano and I again appeared before this Court for sentencing. At sentencing, we did not object to any of the facts contained in the PSR. Rather, we requested a downward sentencing departure alleging that Criminal History Category III "significantly over-stated the seriousness of

defendant's criminal history or the likelihood that the defendant would commit further crimes" under Guideline Section 4A1.3. Accordingly, on behalf of Mr. Birruetta-Arrellano, I requested the Court to determine that the applicable guideline range of imprisonment was 46 to 57 months.

5. The District Court adopted all of the factual findings contained in the PSR. The District Court also granted the defendant's motion for a downward departure under Guideline Section 4A1.3 and departed down to a Criminal History Category I. Mr. Birruetta-Arrellano was then sentenced to 46 months imprisonment, the low end of the applicable guideline range resulting from the Section 4A1.3 downward departure, to be followed by a three year term of supervised release. See Judgement & Commitment, p.3

6. During the sentencing, the District Court advised the defendant of his appellate rights on the record. Judge Kyle advised the defendant in the following manner:

> THE COURT: The Court will advise the defendant that if you or your lawyer are dissatisfied with the sentence which I have just imposed, dissatisfied in the sense that you think it's illegal or something wrong with it, you have the right to challenge that sentence by taking an appeal to another federal court. And if you are going to take an appeal, that appeal must be filed within ten days of the date that the judgment is entered in this case. The judgment here is either going to be entered today or tomorrow, so that ten days is starting to run almost immediately.
>
> If you are going to take an appeal, you are entitled to a lawyer. If you can't afford a lawyer the Court will appoint a lawyer to

> represent you in that regard. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: What I am talking about is only your right to appeal the sentence. I am not talking about your right to appeal your plea of guilty. You have given up that right, you understand that? Mr. Robinson, if you have not previously covered with your client his appeal rights, I would request that you also cover that matter with him.
>
> MR. ROBINSON: I will, your Honor.

See Sentencing Transcript at pp. 13-14

7. Immediately following the sentencing, I followed the Court's request and advised Mr. Birruetta-Arrellano of his appellate rights. Although I advised Mr.Birruetta-Arrellano that it was my opinion that an appeal of the sentence imposed by the District Court was not warranted in light of the favorable rulings by Judge Kyle at sentencing, I expressly advised Mr. Birruetta-Arrellano to contact me within the ten day filing period if he wanted me to file a Notice of Appeal on his behalf. Mr. Birruetta-Arrellano never requested that I file a Notice of Appeal on his behalf.

Further Your Affiant sayeth not.

MITCHELL A. ROBINSON, Esq.

SUBSCRIBED and SWORN to before me

this 16th day of November, 2005.

NOTARY PUBLIC

NOELLE LYNN CORBO
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2010