**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Rafael Birruetta-Arrellano,

Defendant.

---

Civ. No. 03-5489 (RHK)
Crim. No. 02-89 (2) (RHK/AJB)

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence, brought under 28 U.S.C. § 2255. (Docket No. 136.) Defendant's motion will be DENIED, for the reasons discussed below.

**I. Background**

On March 20, 2002, Defendant was indicted for conspiring to distribute approximately thirty pounds of methamphetamine. On August 16, 2002, he entered into a plea agreement by which he pleaded guilty to interstate travel to facilitate the commission of a felony drug offense, in violation of 18 U.S.C. § 1952(a). Several other pending charges against Defendant were dismissed pursuant to the plea agreement. Defendant's guilty plea was accepted, and a pre-sentence report was prepared.

Defendant's sentencing hearing was held on December 19, 2002. Defendant did not object to the pre-sentence report, and the Court accepted all of the findings in that report. Defendant contended that he should receive a downward departure from the term indicated by the Sentencing Guidelines, because his criminal history score overstated the seriousness of his actual criminal history. The Court accepted that

argument, and granted a downward departure.

Defendant ultimately received a 46-month sentence, which is at the low end of the guideline range. He did not challenge his conviction or sentence by direct appeal.

Defendant is now seeking post-conviction relief under § 2255, claiming that he was deprived of his constitutional right to effective assistance of counsel. He contends that he received ineffective assistance of counsel because (1) his attorney did not seek a downward departure at sentencing based on alleged violations of the Vienna Convention on Consular Relations, ("VCCR"); (2) his attorney did not seek a downward departure based on his status as a deportable alien; and (3) his attorney failed to advise him of his right to file a direct appeal.

An evidentiary hearing was held in this matter on November 17, 2005, to give the parties an opportunity to present evidence pertaining to Defendant's claim that he was not advised of his right to appeal. Defendant attended the hearing, and he was represented by counsel. The Government introduced an affidavit of Mitchell A. Robinson, (Docket No. 160), who was Defendant's attorney at the time of his plea agreement and sentencing. Defendant did not testify, but submitted a handwritten letter to the Court. After carefully considering that evidence, as well as the transcript of the sentencing hearing, and the rest of the record in this case, the Court finds that Defendant is unable to sustain any of his ineffective assistance of counsel claims.

**II. Discussion**

A. Standard of Review

Claims of ineffective assistance of counsel are governed by the two-part test prescribed by Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, a defendant claiming ineffective

assistance of counsel must show (a) that his attorney's performance was deficient and (b) that the attorney's deficient performance prejudiced his defense. Counsel's performance is considered deficient only if it falls outside the wide range of professionally competent assistance. Harris v. Bowersox, 184 F.3d 744, 756 (8th Cir. 1999), cert. denied, 528 U.S. 1097 (2000). Courts considering claims of ineffective assistance of counsel must presume that attorneys provide effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997), cert. denied, 522 U.S. 1129 (1998). See also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

To meet the second part of the Strickland test, i.e., a showing of prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Because a movant's failure to establish prejudice is dispositive of a § 2255 motion, the Court need not address the reasonableness of the attorney's representation if it is evident that the movant cannot prove prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996 ).

B. Defendant's Current Ineffective Assistance Claims

**(i) Failure to seek downward departure based on alleged violation of VCCR**

Defendant initially claims that he was denied effective assistance of counsel, because his attorney did not seek a downward departure at sentencing based on alleged violations of the VCCR. This claim fails because Defendant has not demonstrated that he probably would have received a downward departure if his attorney had argued, (and had been able to prove), that he was deprived of a personally enforceable

right under the VCCR to consult with a consular representative from his native country.[1] In fact, the Court finds no reason to believe that Defendant would have received a lower sentence if his attorney had raised the VCCR claim that Defendant is now suggesting.

Defendant himself has plainly acknowledged that his proposed VCCR argument probably would not have succeeded. He admits that "it is highly plausible that this Court would have overruled the issue of the Vienna Convention Treaty violation," but claims that his attorney should have raised the issue anyway, because "it would not have been frivolous." (Defendant's Memorandum of Law in Support of Motion, [Docket No. 137], p. 7.) However, a federal prisoner cannot be granted post-conviction relief under § 2255 simply by identifying a non-frivolous claim that his attorney arguably could have raised; he must show that the attorney performed incompetently by not raising the argument, and that the outcome of the case probably would have been more favorable to the prisoner if the argument had been raised.

Here, the Court finds that Defendant is unable to establish that he probably would have received a shorter sentence if his attorney had raised a claim based on an alleged violation of the VCCR. Therefore, Defendant is unable to satisfy Strickland's prejudice requirement with regard to his first ineffective assistance of counsel claim, and for this reason, his claim must be denied.

**(ii) Failure to seek downward departure based on deportable alien status**

Defendant next claims that he received ineffective assistance of counsel because his attorney did not urge the Court to grant a downward departure at sentencing based on the fact that Defendant is a

---

[1] The Government has argued, quite persuasively, that Defendant has no personally enforceable rights under the VCCR. The cases cited by the Government, including United States v. Jimenez-Nava, 243 F.3d 192 (5th Cir.), cert. denied, 533 U.S. 962 (2001) and United States v. Emuegbunam, 268 F.3d 377 (6th Cir. 2001), cert. denied, 535 U.S. 977 (2002), appear to substantiate that argument.

potentially deportable alien. This claim fails because Defendant is unable to show that he probably would have received the benefit of a downward departure if his attorney had asked the Court to consider his potential deportability.

Defendant contends that he might have been granted a downward departure because it was predictable, at the time of his sentencing, that the conditions of his incarceration would be adversely affected by his status as a potentially deportable alien. The Court recognizes that "alien status and the collateral consequences flowing therefrom may be an appropriate basis for departure." United States v. Lopez-Salas, 266 F.3d 842, 847 (8th Cir. 2001). To justify such a departure, however, "there must be additional facts concerning the defendant's individual circumstances to make the particular case atypical or unusual." Id. at 848. Defendant has not cited anything "atypical or unusual" about his particular circumstances, which might have entitled him to be sentenced differently from other similarly-situated aliens facing the prospect of deportation. He has therefore failed to establish that he probably would have received a shorter sentence if his attorney had urged the Court to consider his immigration status at sentencing, which means that he has once again failed to satisfy Strickland's prejudice requirement.

**(iii) Failure to advise Defendant of his right to appeal**

Finally, Defendant claims that he was deprived of his constitutional right to effective assistance of counsel because his attorney failed to advise him of his right to file a direct appeal. This claim must be rejected because the record clearly shows that Defendant's attorney did, in fact, adequately inform Defendant about his right to appeal. Defendant's attorney has submitted an affidavit in which he explicitly declares that:

"Immediately following the sentencing, I followed the Court's request and advised Mr.

> Birruetta-Arrellano of his appellate rights. Although I advised Mr. Birruetta-Arrellano that it was my opinion that an appeal of the sentence imposed by the District Court was not warranted in light of the favorable rulings by Judge Kyle at sentencing, I expressly advised Mr. Birruetta-Arrellano to contact me within the ten day filing period if he wanted me to file a Notice of Appeal on his behalf. Mr. Birruetta-Arrellano never requested that I file a Notice of Appeal on his behalf.

(Affidavit of Mitchell A. Robinson, [Docket No. 160], p. 4, ¶ 7.)

Defendant has offered no evidence to rebut his attorney's affidavit, and the Court finds no reason why his attorney's statements should not be accepted as accurate and truthful. Thus, the Court finds that, in fact, Defendant was adequately informed of his right to file a direct appeal. Based on that finding, Defendant's final claim of ineffective assistance of counsel must also be denied.

**III. Certificate of Appealability**

Defendant could seek appellate review of this ruling on his § 2255 motion. However, a federal prisoner may not appeal a final order in a proceeding under § 2255, without first securing a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A certificate of appealability will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253"). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise warrant further review. Flieger v. Delo, 16 F.3d 878, 882-83 (8th

Cir.), cert. denied, 513 U.S. 946 (1994) (citing Lozado v. Deeds, 498 U.S. 430, 432, (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

The claims listed in Defendant's current § 2255 motion have been fully addressed here, and all of those claims have been found to be wholly inadequate. The resolution of Defendant's current claims is not "debatable among reasonable jurists." Flieger, 16 F.3d at 882-83. Nor do Defendant's claims present any novel or noteworthy questions of law that would warrant appellate review. Thus, the Court concludes that Defendant is not entitled to a certificate of appealability in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED THAT:**

(1) Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (Doc. No. 136), is **DENIED**; and

(2) Defendant will not be granted a certificate of appealability if he should appeal this Order to the Eighth Circuit Court of Appeals.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

December 12 , 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge